1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
MARILYN R. MORIARTY, SB# 89818
2   E-Mail: marilyn.moriarty@lewisbrisbois.com
JONNA D. LOTHYAN, SB# 298650
3   E-Mail: jonna.lothyan@lewisbrisbois.com
701 B Street, Suite 1900
4  San Diego, California 92101
Telephone: 619.233.1006
5  Facsimile: 619.233.8627

6  Attorneys for Defendants RADY CHILDREN'S HOSPITAL and DR. SUSAN
   DUTHIE
7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10  ISABELLA C., GABRIELLA C.            CASE NO. 17-CV-0846 AJB (JLB)
    MINORS, BY AND THROUGH
11  CYNTHIA CHAVEZ THEIR LEGAL
    GUARDIAN, AZAEL CHAVEZ,             **DEFENDANTS RADY
12                                       CHILDREN'S HOSPITAL'S AND
              Plaintiffs,                DR. SUSAN DUTHIE'S
13                                       MEMORANDUM OF POINTS AND
         vs.                             AUTHORITIES IN SUPPORT OF
14                                       THEIR MOTION FOR SANCTIONS
    RADY CHILDREN'S HOSPITAL,            PURSUANT TO FEDERAL RULES
15  DRs. YVETTE JOCKIN, DAMON            OF CIVIL PROCEDURE, RULE 11
    LONDON, ANDREW SKALSKY,
16  CHARLES SAUER, SUSAN DUTHIE,
    RYAN SAUNDERS, DDA, DR.              Hearing Date:    November 9, 2017
17  NABIL FATAYERJI AND DOES 1          Hearing Time:     2:00 p.m.
    THROUGH 100,                         Courtroom:        4A
18                                       Judge:            Anthony J. Battaglia
              Defendants.
19                                       Action Filed:  June 9, 2017
                                         Trial Date:    None Set
20

21

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /
    4815-4646-2015.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3   I.     INTRODUCTION..................................................................................... 1

4   II.    STATEMENT OF FACTS...................................................................... 2

5   III.   PROCEDURAL HISTORY ..................................................................... 3

6   IV.   LEGAL ARGUMENT ............................................................................ 6

7         A.      Plaintiffs' First Amended Complaint Constitutes Impermissible Forum Shopping...................................................................... 8

8

9         B.      Plaintiff's First, Second, Third and Fourth Causes of Action Are Barred by Collateral Estoppel. .............................................. 9

10        C.      Plaintiffs' Fifth Cause of Action is Barred by the *Rooker-Feldman* Doctrine........ 11

11   V.     RADY IS ENTITLED TO ATTORNEY'S FEES AND COSTS ...................................... 14

12   VI.   CONCLUSION ...................................................................................... 15

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



4815-4646-2015.1

i

DEFENDANT RADY CHILDREN'S HOSPITAL'S AND DR. SUSAN DUTHIE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEIR MOTION FOR SANCTIONS PURSUANT TO FRCP, RULE 11

1

## TABLE OF AUTHORITIES

2

**Cases**     **Page**

3   *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*,
4      398 U.S. 281 (1970) ........................................................................12

5   *Bell v. City of Boise*,
     709 F.3d 890 (9th Cir. 2013) ..........................................................12

6   *Bianchi v. Rylaarsdam,*
7      334 F.3d 895 (9th Cir. 2003) ....................................................13, 14

8   *Colorado River Water Conservation Dist. v. United States*,
     424 U.S. 800 (1976) ....................................................................7, 8

9   *Cooter & Gell v. Hartmarx Corp.*,
10      496 U.S. 384 (1990) ..........................................................................7

11   *District of Columbia Court of Appeals v. Feldman*,
     460 U.S. 462 (1983) ........................................................................11

12   *Doe & Assocs. Law Offices v. Napolitano*,
13      252 F.3d 1026 (9th Cir. 2001) ........................................................12

14   *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*,
     544 U.S. 280 (2005) ........................................................................12

15   *Feldman v. McKay*,
16      2015 U.S. Dist. LEXIS 159741 (C.D. Cal. Nov. 25, 2015) ...................passim

17   *Heck v. Humphrey*,
     512 U.S. 477 (1994) ........................................................................15

18   *Hiser v. Franklin*,
19      94 F.3d 1287 (9th Cir. 1996) ............................................................9

20   *In re Sasson*,
     424 F.3d 864 (9th Cir. 2005) ..........................................................12

21   *Kougasian v. TMSL, Inc.*,
22      359 F.3d 1136 (9th Cir. 2004) ....................................................12, 14

23   *Morrison v. Dietz*,
     658 Fed. Appx. 328 (9th Cir. 2016) ................................................13

24   *Morrison v. Neustrom*,
25      2014 U.S. Dist. LEXIS 107600 (N.D. Cal. Aug. 4, 2014)..............13

26   *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
     460 U.S. 1 (1983) ..............................................................................8

27   *Nakash v. Marciano*,
28      882 F. 2d 1411 (9th Cir. 1989)..........................................................8

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT RADY CHILDREN'S HOSPITAL'S AND DR. SUSAN DUTHIE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEIR MOTION FOR SANCTIONS PURSUANT TO FRCP, RULE 11

*Noel v. Hall,*
    341 F.3d 1148 (9th Cir. 2003)..............................................................12, 13

*R.R Street & Co. Inc. v. Transport Ins. Co.,*
    656 F.3d 966 (9th Cir. 2011)..................................................................8, 9

*Reusser v. Wachovia Bank, N.A.,*
    525 F.3d 855 (9th Cir. 2008)....................................................................12

*Rooker v. Fidelity Trust Co.,*
    263 U.S. 413 (1923) ..........................................................................passim

*Skinner v. Switzer,*
    562 U.S. 521 (2011) ...................................................................................11

*Smith v. Ricks,*
    31 F.3d 1478 (9th Cir. 1994) ......................................................................7

*Townsend v. Holman Consulting Corp.,*
    929 F.2d 1358 (9th Cir., 1990) ...................................................................7

*Trevino v. Gates,*
    99 F.3d 911 (9th Cir. 1996) ......................................................................10

*Truesdell v. S. Cal. Permanente Medical Group,*
    209 F.R.D. 169 (C.D. Cal. 2002) ................................................................7

*Worldwide Church of God v. McNair,*
    805 F.2d 888 (9th Cir. 1986) ....................................................................12

**Statutory Authorities**

United States Code - Title 28

    § 1257 ..............................................................................................12

    § 1331 ..............................................................................................12

    § 1332 ..............................................................................................12

Code of Civil Procedure

    § 128.5 ................................................................................................5

    § 128.7 .............................................................................................4, 5

    § 425.16 ........................................................................................1, 4, 5

**Rules and Regulations**

Federal Rule of Civil Procedure

    Rule 11...........................................................................................passim

4815-4646-2015.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# I.  **INTRODUCTION**

This is the third action plaintiffs filed against Rady Children's Hospital ("Rady") regarding the underlying criminal charges against Mr. Chavez for child abuse and the second action arising specifically from defendants' absolutely privileged conduct of reporting suspected child abuse of twin infants I. C. and G. C. which resulted in their father, Azael Chavez, being tried and convicted for two counts of felony child abuse.

Plaintiff, Azael Chavez, originally sued Rady for allegedly failing to produce medical records in the San Diego Superior Court under case number 37-2015-00013719-CL-MC-NC. Plaintiffs voluntarily dismissed the action after defendants moved for sanctions, but before the court heard the motion.

After Mr. Chavez was convicted of felony child abuse, Plaintiffs brought a second action in state court under case number 37-2016-00035118-CU-MC-NC against several defendants, including Rady and the physicians who discovered and reported the child abuse. Plaintiffs alleged several causes of action, including breach of fiduciary duties. Rady moved to strike all causes of action against it under the anti-SLAPP statute because the allegations arose from Rady and the physicians' protected activity as mandated reporters of child abuse and plaintiffs could not establish a likelihood of prevailing on their causes of action. (Code Civ. Proc., § 425.16, subd. (b)(1).) The San Diego Superior Court agreed and tentatively granted Rady's motion. However, plaintiffs dismissed the action without prejudice – again – in state court before the court entered its final order on Rady's anti-SLAPP motion and filed this action in federal court morphing the facts in an attempt to fit federal causes of action. Regardless, the San Diego Superior Court issued sanctions against Mr. Lara and Mr. Chavez for their abusive litigation tactics, including terminating sanctions dismissing the action with prejudice.

Yet, plaintiffs continue to harass Rady and pursue this action in federal court, which arises from the same underlying conduct of reporting child abuse and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-4646-2015.1                                              1

DEFENDANT RADY CHILDREN'S HOSPITAL'S AND DR. SUSAN DUTHIE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEIR MOTION FOR SANCTIONS PURSUANT TO FRCP, RULE 11

1  subsequent events that led to the arrest and conviction of Mr. Chavez. Further,
2  plaintiffs' current action seeks to challenge both the criminal conviction of Mr.
3  Chavez and the judgment for sanctions entered in the state court action.

4      Therefore, Rady and Dr. Duthie respectfully request that the Court order
5  sanctions against Mr. Lara in the amount of $11,051.00 for: (1) presenting the Court
6  with another pleading for an improper purpose, mainly to harass Rady and Dr.
7  Duthie and force them to incur needless litigation costs (see FRCP Rule 11(b)(1));
8  (2) filing a pleading containing factual claims and legal contentions that are
9  frivolous and not warranted by existing law (see FRCP Rule 11(b)(2)); and (3) filing
10  a pleading that contains factual claims and legal contentions as to Rady and Dr.
11  Duthie that lack any evidentiary support, and will not have any evidentiary support
12  regardless of any additional investigation and/or discovery completed by Plaintiff
13  (see FRCP Rule 11(b)(3)).

14  **II.    STATEMENT OF FACTS**

15      Azael Chavez and Caren Trejo are the parents of twin girls, I.C. and G.C.
16  (First Amended Complaint ("FAC"), p. 2, ¶ 1.) According to plaintiffs, on October
17  7, 2014, Azael Chavez and Caren Trejo brought I.C. to Rady because she was
18  "lethargic" and needed further evaluation. (FAC, p. 3, ¶¶ 11, 14.) Physicians at Rady
19  examined I.C. and determined that she suffered non-accidental brain injuries. (ECF
20  Dkt. No.14-2 and 14-3, Ex. A, p. 13.) Rady reported the patient's condition to the
21  Escondido Police Department. (ECF Dkt. No.14-2 and 14-3, Ex. A, pp. 188-189,
22  217-218.) Escondido Police detectives arrived at Rady Children's Hospital to
23  investigate the claims reported by Rady. (ECF Dkt. No.14-2 and 14-3, Ex. A, pp.
24  217-219.) Child Protective Services informed Ms. Trejo that it was going to pick up
25  Gabriella from her home. (ECF Dkt. No.14-2, Ex. A, p. 137.) Pursuant to their
26  investigation, Mr. Chavez was allegedly interrogated by Escondido Police Officers
27  Michelle Mayfield and Jeff Udvarhelyi. (FAC, p. 3, ¶¶ 15-16.) The police arrested
28  Mr. Chavez and charged him with two counts of felony child abuse. (ECF Dkt.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-4646-2015.1                                    2
DEFENDANT RADY CHILDREN'S HOSPITAL'S AND DR. SUSAN DUTHIE'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEIR MOTION FOR SANCTIONS PURSUANT TO FRCP, RULE 11

1  No.14-2 and 14-3, Ex. B; Ex. C, pp. 247.) On October 10, 2014, the district attorney
2  charged Mr. Chavez with child abuse of both Isabella and Gabriella (ECF Dkt.
3  No.14-2, Ex. B.)

4      On June 8, 2015, the court held Mr. Chavez's preliminary hearing. (ECF Dkt.
5  No.14-2, Ex. A.) Mr. Chavez's attorney, Genaro Lara, subpoenaed 14 of Isabella's
6  and Gabriella's treating physicians, a nurse practitioner and a social worker to
7  appear and testify at the preliminary hearing. (ECF Dkt. No.14-2, Ex. A, p. 25.) The
8  prosecutor requested an offer of proof as to the testimony of the physicians. (ECF
9  Dkt. No.14-2, Ex. A, pp. 22-23.) The prosecutor stipulated to admission of the
10 medical records. (ECF Dkt. No.14-2, Ex. A, pp. 24-25, 40, 42-44, 91-92.) After
11 argument, Mr. Lara agreed to release each of the 14 doctors, the nurse practitioner
12 and the social worker from the subpoenas. (ECF Dkt. No.14-2, Ex. A, pp. 41, 46,
13 54, 68, 73, 76, 93.) Thus, the court ordered the subpoenaed physicians, some of who
14 are now defendants in this action, not to appear to testify since the medical records
15 were admitted and Mr. Lara failed to make an offer of proof as he did not speak with
16 the witnesses and had no knowledge regarding their testimony. (ECF Dkt. No.14-2,
17 Ex. A, pp. 40-42, 46, 54, 68-69, 73, 75-76, 91-94.)

18     The criminal action against Mr. Chavez proceeded to trial. On August 3,
19 2016, Mr. Chavez was convicted of two counts of felony child abuse of his twin
20 daughters. (ECF Dkt. No.14-2, Ex. B.)

21 **III.  PROCEDURAL HISTORY**

22     This is the third action Mr. Lara has filed against Rady on behalf of Azael
23 Chavez in connection with the underlying criminal action against Azael Chavez for
24 felony child abuse.

25     The first action arose out of Mr. Lara's subpoenas to Rady for medical
26 records. Indeed, Mr. Lara subpoenaed the twin girls' medical records, who were the
27 victims of Mr. Chavez's abuse. Rady notified Mr. Lara that the records had been
28 sent to the court and provided declarations from the custodian of records verifying

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-4646-2015.1

3

DEFENDANT RADY CHILDREN'S HOSPITAL'S AND DR. SUSAN DUTHIE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEIR MOTION FOR SANCTIONS PURSUANT TO FRCP, RULE 11

that all medical records had been provided. Regardless, Mr. Lara filed a civil complaint against Rady on April 24, 2015, in the San Diego Superior Court under case number 37-2015-00013719-CL-MC-NC on behalf of Azael Chavez to compel disclosure of medical records. (Declaration of Jonna Lothyan in Support of Motion for Sanctions ("Lothyan Decl.") ¶ 4, Ex. A.) Mr. Lara refused to dismiss the action against Rady despite Rady's counsel informing Mr. Lara on several occasions that Mr. Lara had all the medical records in his possession. (*Id*. at ¶ 5.) Therefore, Rady served Mr. Lara a motion for sanctions pursuant to Code of Civil Procedure section 128.7. (*Id*.) It was not until after the 21 day safe harbor period provided under section 128.7 and after Rady filed the motion for sanctions, that Mr. Lara dismissed the action against Rady. (Lothyan Decl., ¶ 5.)

After the criminal trial had concluded and Mr. Chavez was convicted of felony child abuse, Mr. Lara, for a second time, sued Rady in connection with the underlying criminal action against Azael Chavez for felony child abuse. (ECF Dkt. No.14-2, Exs. B and C.) Indeed, Mr. Lara sued Rady in this second action for acts arising from its absolutely privileged conduct as a mandated reporter of child abuse, which resulted in the criminal investigation and conviction of Azael Chavez. (ECF Dkt. No.14-2, Ex. C.)

After being served with the amended complaint, Rady's counsel sent a detailed meet and confer letter to Mr. Lara outlining the legal authority that barred the action and advised Mr. Lara that in addition to filing a demurrer, Rady would be moving to strike the complaint pursuant to section 425.16, which entitled Rady to attorney's fees. (Lothyan Decl., ¶ 7.) Mr. Lara refused to dismiss the action against Rady, or even to dismiss the punitive damages allegations against Rady, despite the clear legal authority provided to Mr. Lara that the entire action was barred by Rady's absolute privilege as a mandated reporter of child abuse. (*Id*. at ¶ 8.) Thus, Rady filed its demurrer, motion to strike punitive damages and special motion to strike pursuant to section 425.16. Mr. Lara opposed all three motions, requiring

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Rady to file replies. (*Id.*) The hearing on Rady's motions was scheduled for March

2    24, 2017. (*Id.*) However, on March 22, 2017, Mr. Lara filed a request for dismissal

3    of the action without prejudice. (*Id.*) The court issued its tentative ruling on March

4    23, 2017, granting Rady's anti-SLAPP motion. (ECF Dkt. No.14-2, Ex. D.) As a

5    result of Mr. Lara dismissing the action prior to the hearing, the state court found it

6    lost jurisdiction to enter its tentative ruling as the final order.

7        Subsequently, Rady filed a motion for attorney's fees and sanctions for Mr.

8    Lara's frivolous conduct pursuant to California Code of Civil Procedure sections

9    425.16 and 128.5. (Loythan Decl., ¶ 9.) The Court granted the motion and stated:

> Considering the totality of the circumstances, the Court is persuaded that the plaintiffs have engaged in a pattern of conduct intended to harass or cause unnecessary delay. Specifically, that conduct includes the filing of an initial complaint on April 24, 2015 involving plaintiffs and the moving defendant relating to the disclosure of medical records involving the same issues presented in the complaint filed in this case. The April 24, 2015 case was dismissed by the plaintiff only after the moving defendant filed a CCP § 128.7 motion. Plaintiffs then filed this action on October 7, 2016 and dismissed the case only two days prior to defendant's special motion to strike hearing was scheduled to take place (March 24, 2017). On April 26, 2017, plaintiffs filed a new action against this defendant based on the same conduct asserted in this action with the federal court and plaintiffs have threatened to re-file this case following plaintiffs' counsel's appeal of this order. Therefore, the Court imposes monetary sanction in the amount of $17,109 against Attorney Genaro Lara pursuant to CCP § 128.5. The Court further imposes terminating sanctions against plaintiffs and will dismiss this action with prejudice.

20    (ECF Dkt. No.14-2, Exs. E and F.)

21        Plaintiffs filed a Notice of Appeal of the order awarding attorney's fees to

22    Rady Children's Hospital on July 20, 2017. (ECF Dkt. No.14-2, Ex. G.)

23        On August 10, 2017, Rady's counsel sent a meet and confer letter to

24    plaintiffs' counsel, Mr. Lara, requesting he dismiss this federal action and informing

25    him of its intent to seek its legal fees incurred for defending against the action.

26    (Loythan Decl., ¶ 10.) On August 24, 2017, plaintiffs counsel served a letter stating

27    his intent to file another amended complaint against Rady for its breach of fiduciary

28    duties in handling the Chavez action. (Loythan Decl., ¶ 11.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-4646-2015.1                              5
DEFENDANT RADY CHILDREN'S HOSPITAL'S AND DR. SUSAN DUTHIE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEIR MOTION FOR SANCTIONS PURSUANT TO FRCP, RULE 11

## IV.   <u>LEGAL ARGUMENT</u>

Under FRCP Rule 11(b), by presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)    It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)    The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)    The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)    The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

By signing and filing the Complaint and Amended Complaint, plaintiffs' counsel certified that, after a reasonable inquiry, the claims against Rady and Dr. Duthie were: (1) not being presented for an improper purpose; (2) that those claims and legal contentions contained therein were warranted by existing law and/or were nonfrivolous; and (3) that the factual contentions in support of such claims were based on evidentiary support, or would likely have evidentiary support in the future.

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. (FRCP Rule 11(c)(1).)

Here, Plaintiffs had a reasonable opportunity to respond. Indeed, over the course of three weeks, with knowledge that Rady and Dr. Duthie are not and cannot be liable for any of the claims presented in the action, Plaintiffs continue to refuse to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    voluntarily dismiss the action.

2    Case law establishes that sanctions must be imposed on the signer of a paper
3    if either: (a) the paper is filed for an improper purpose, or (b) the paper if
4    "frivolous". Either the improper purpose or frivolousness ground is sufficient to
5    sustain sanctions. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th
6    Cir., 1990). The finding of no reasonable inquiry is tantamount to a finding of
7    frivolousness. *Id.*

8    Designed for deterrence, the Rule is governed by an objective standard of
9    reasonableness; no showing of subjective intent or bad faith is required. *Truesdell v.*
10    *S. Cal. Permanente Medical Group*, 209 F.R.D. 169, 173-174 (C.D. Cal. 2002).

11    Rule 11 imposes a duty on attorneys to certify by their signature that: (1) they
12    have read the pleadings or motions they file and (2) the pleading or motion is well-
13    grounded in fact, has a colorable basis in law, and is not filed for improper purposes.
14    The court considering a request for Rule 11 sanctions should consider whether a
15    position taken was "frivolous", "legally unreasonable', or "without factual
16    foundation, even if not filed in subjective bad faith. *Truesdell*, 209 F.R.D. at 174.

17    Counsel can no longer avoid the sting of Rule 11 sanctions by operating under
18    the guise of a pure heart and empty head. Instead, the question is whether, at the
19    time the paper was presented to the Court (or later defended) it lacked evidentiary
20    support or contained "frivolous" legal arguments. *Truesdell*, 209 F.R.D. at 175,
21    citing *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994).

22    It is now clear that the central purpose of Rule 11 is to deter baseless filings in
23    District Court and thus, consistent with the Rule Enabling Act's grant of authority,
24    streamline the administration and procedure of the federal courts. *Cooter & Gell v.*
25    *Hartmarx Corp.*, 496 U.S. 384 (1990).)

26    Here, Plaintiffs' First Amended Complaint is frivolous, because it is barred by
27    the *Colorado River* doctrine of forum shopping, collateral estoppel, and the *Rooker-*
28    *Feldman* doctrine.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-4646-2015.1

7

**A.    Plaintiffs' First Amended Complaint Constitutes Impermissible Forum Shopping.**

In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-20 (1976), the United States Supreme Court addressed the problem of "contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." The Ninth Circuit uses the following facts for assessing whether a Colorado River dismissal is appropriate:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) **the desire to avoid forum shopping**; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R Street & Co. Inc. v. Transport Ins. Co*., 656 F.3d 966, 978-79 (9th Cir. 2011) (emphasis added).

Courts apply these factors "in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist. *Nakash v. Marciano*, 882 F. 2d 1411, 1415 (9th Cir. 1989). "No one factor is necessarily determinative. . . ." *Colorado River*, 424 U.S. at 818-19.

Importantly, the Court must consider "whether the second suit . . . is an attempt to forum shop or avoid adverse ruling by the state court." *Nakash*, 882 F.2d at 1417. "To avoid forum shopping, courts may consider the 'vexatious or reactive nature of either the federal or the state litigation." *R.R. Street*, 656 F.3d at 981 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 17 n.20 (1983). Indeed, the Ninth Circuit has affirmed dismissals under the *Colorado River* doctrine "when it was readily apparent that the federal plaintiff was engaged in forum shopping." *R.R. Street*, 656 F.3d at 981.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Here, in response to Plaintiffs' second lawsuit against Rady based on the

2  underlying conduct of reporting child abuse, Rady moved to strike all causes of

3  action against it under the anti-SLAPP statute. (Loythan Decl., ¶ 8.) The San Diego

4  Superior Court agreed and tentatively granted Rady's motion. However, plaintiffs

5  dismissed the action without prejudice – for a second time – in state court before the

6  court entered its final order on Rady's anti-SLAPP motion and immediately filed

7  this action in federal court attempting to morph the facts to fit federal causes of

8  action. (*Id.* at ¶ 8.) After dismissal, the San Diego Superior Court issued sanctions

9  against Mr. Lara and Mr. Chavez for their abusive litigation tactics, including

10  terminating sanctions dismissing the action with prejudice. (ECF Dkt. No.14-2, Exs.

11  E and F.) Yet, plaintiffs continue to pursue this action in federal court, which arises

12  from the same underlying conduct of reporting child abuse and subsequent events

13  that led to the arrest and conviction of Mr. Chavez.

14    The current federal lawsuit is frivolous and presented for an improper

15  purpose.  It is a blatant attempt to forum shop in order to reach a different result in

16  federal court.  In fact, plaintiffs admit in the amended complaint filed in this court

17  that they are forum shopping. Indeed, the amended complaint states that plaintiffs

18  dismissed the state action without prejudice "due to plaintiff's intention to seek

19  federal relief on federal causes of action and in the belief that the federal forum was

20  a more professional, highly respected for the quality of its reasoned opinions,

21  transparent, and less likely to be influenced by racial animosity and political include

22  than state courts." [FAC, p. 12, ¶ 68.]

23    Therefore, this conduct warrants both terminating sanctions and monetary

24  sanctions against Mr. Lara pursuant to Rule 11.

25    **B.    Plaintiff's First, Second, Third and Fourth Causes of Action Are Barred by Collateral Estoppel.**

26

27    Collateral estoppel bars the re-litigation of issues explicitly litigated and

28  necessarily decided in a prior case. *Hiser v. Franklin*, 94 F.3d 1287, 1292 (9th Cir.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT RADY CHILDREN'S HOSPITAL'S AND DR. SUSAN DUTHIE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEIR MOTION FOR SANCTIONS PURSUANT TO FRCP, RULE 11

1    1996). Under the federal standard, to foreclose relitigation of an issue under

2    collateral estoppel, three elements must be met: (1) the issue at stake must be

3    identical to the one alleged in the prior litigation; (2) the issue must have been

4    actually litigated [by the party against whom preclusion is asserted] in the prior

5    litigation; and (3) the determination of the issue in the prior litigation must have

6    been a critical and necessary part of the judgment in the earlier action. *Trevino v.*

7    *Gates*, 99 F.3d 911, 923 (9th Cir. 1996).

8         Plaintiffs' first cause of action alleges that Rady and its doctors fabricated

9    evidence through its medical records and withheld medical records pertaining to the

10   twin girls. (FAC, ¶¶ 25-30.) Specifically, plaintiffs allege Rady and its doctors

11   informed the Escondido Police that one of the infant girls sustained retinal

12   hemorrhages, which was false. (FAC, ¶ 25-26.) Plaintiffs also allege one of the

13   doctors wrote in a medical note that she had spoken to the parents of on admission

14   and had discussed the images of the child's skull, but that no images had been

15   produced at the time of admission. (FAC, ¶¶ 33-34.) Plaintiffs made these same

16   allegations in their prior complaint against defendants filed in the San Diego

17   Superior Court. (ECF Dkt. No.14-2, Ex. C, p. 10.) In the prior state court complaint,

18   plaintiffs also allege Dr. Suresh testified that she spoke with the parents of one of

19   the girls upon her admission to Rady's and reviewed the images of the patient with

20   the parents, but there were no images available to be reviewed. (ECF Dkt. No.14-2,

21   Ex. C, p. 10.)

22        Plaintiffs second, third and fourth causes of action allege that subpoenaed

23   doctors failed to appear to testify at Mr. Chavez's criminal preliminary hearing

24   resulting in conspiracy and deprivation of his constitutional rights and due process.

25   (FAC, ¶¶ 48-62.) However, plaintiffs made these same allegations in the prior action

26   filed against defendants in the San Diego Superior Court. (ECF Dkt. No.14-2, Ex. C,

27   pp. 6-7.)

28   / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

The parties litigated these issues. Rady and other defendants moved to strike the state court complaint pursuant to the anti-SLAPP statute. Plaintiffs dismissed the action without prejudice prior to the court entering its final ruling, but not before the court issued its tentative ruling granting Rady's anti-SLAPP motion. (ECF Dkt. No.14-2, Ex. D.) Further, Rady moved for sanctions, including terminating sanctions because Rady was entitled to a mandatory dismissal on the merits with prejudice based on its anti-SLAPP motion. The court agreed and awarded Rady monetary and terminating sanctions dismissing the action with prejudice. In its order, the court stated it is persuaded Rady would have prevailed on their special motion to strike and found that the allegations pertaining to the subpoenaed doctors' failure to appear was barred by the litigation privilege. The court also found statements made by Rady, or the doctors, regarding the investigation of child abuse was privileged conduct and barred by the litigation privilege. As such, the court dismissed the action with prejudice. (ECF Dkt. No.14-2, Ex. E.)

This again demonstrates that Plaintiffs' First Amended Complaint is frivolous and presented for an improper purpose of forum shopping and attempting to obtain a different result from a different court. Plaintiffs are trying to avoid an unfavorable ruling in state court by filing this federal action. Plaintiffs are clearly estopped from pursuing these issues further in federal court, yet refuse to dismiss the federal action. Therefore, under Rule 11 both terminating and monetary sanctions are warranted.

## C.    Plaintiffs' Fifth Cause of Action is Barred by the *Rooker-Feldman* Doctrine.

Plaintiffs' fifth cause of action is barred by the *Rooker-Feldman* doctrine. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (*Feldman*); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine prohibits a losing party in state court from filing suit in federal district court to seek review and redress of an injury caused by a state court judgment. *Skinner v. Switzer*, 562 U.S. 521, 531 (2011); *Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 415-16; see also

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S.

2    281, 296 (1970) [federal courts lack subject matter jurisdiction to review actions

3    taken by state courts]; accord *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859

4    (9th Cir. 2008).

5         The *Rooker-Feldman* doctrine arises through a negative inference from 28

6    U.S.C. § 1257, which vests authority to review a state court's judgment solely in the

7    Supreme Court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280,

8    292 (2005) (*Exxon Mobil*). "[W]hile § 1257 explicitly authorizes the United States

9    Supreme Court to hear an appeal from a state court judgment, it impliedly prohibits

10   the lower federal courts from doing so." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136,

11   1139 (9th Cir. 2004); see also *In re Sasson*, 424 F.3d 864, 871 (9th Cir. 2005)

12   [because federal district courts are courts of original, not appellate, jurisdiction, they

13   have "no authority to review the final determinations of a state court in judicial

14   proceedings"] (citing *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th

15   Cir. 1986), and 28 U.S.C. §§ 1331, 1332)). "The purpose of the doctrine is to protect

16   state court judgments from collateral federal attack. Because district courts lack

17   power to hear direct appeals from state court decisions, they must decline

18   jurisdiction whenever they are 'in essence called upon to review the state court

19   decision.'" *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir.

20   2001).

21        The Ninth Circuit applies a two-step approach to determine whether a federal

22   court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. The

23   Court first examines whether the instant action constitutes a "forbidden de facto

24   appeal of a state court decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir.

25   2013) (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)). Assuming it does,

26   the Court next determines whether the issues raised in the complaint are

27   "inextricably intertwined with the state court judicial decision from which the

28   forbidden de facto appeal is brought." *Id*. (citing *Noel*, 341 F.3d at 1158). Both steps

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  in the *Rooker-Feldman* analysis apply here.

2      For purposes of the first step of the *Rooker-Feldman* analysis, a "de facto"

3  appeal is one which "complains of a legal wrong allegedly committed by the state

4  court, and seeks relief from the judgment of that court." *Morrison v. Neustrom*, No.

5  14-cv-01604-VC, 2014 U.S. Dist. LEXIS 107600, *4 (N.D. Cal. Aug. 4, 2014)

6  (quoting *Noel*, 341 F.3d at 1163), aff'd sub nom. *Morrison v. Dietz*, 658 Fed. Appx.

7  328 (9th Cir. 2016). "In determining whether a federal suit is a de facto appeal from

8  a state court judgment, the court should focus on the source of the wrong alleged by

9  plaintiffs." *Feldman v. McKay*, No. CV 15-04892 MMM (JEMx), 2015 U.S. Dist.

10 LEXIS 159741, *24 (C.D. Cal. Nov. 25, 2015) (citation and quotation marks

11 omitted), aff'd, 676 Fed. Appx. 713 (9th Cir. Jan. 26, 2017).

12     Here, Plaintiffs' fifth cause of action seeks declaratory relief from the San

13 Diego Superior Court's judgment against plaintiffs in the underlying state action.

14 (FAC, ¶¶ 68-81.) Specifically, plaintiffs allege the judgment constitutes an illegal

15 and impermissible punishment for the plaintiffs' rights to seek relief in federal court

16 and violates the plaintiffs' rights under the constitution. (FAC, ¶ 76.) Plaintiffs

17 request this Court declare that the San Diego Superior Court judgment entered

18 against plaintiffs and their attorney, Mr. Lara, to be null and void. (FAC, p. 14.)

19 These allegations and requests for declaratory relief establish that plaintiffs' fifth

20 cause of action is the direct result of the state court judgment and their requested

21 relief asks the Court to issue declarations directly adverse to the state court

22 decisions. As such, plaintiffs' requests seek an improper de facto appeal, which

23 invokes the *Rooker-Feldman* doctrine. See *Bianchi v. Rylaarsdam,* 334 F.3d at 895,

24 988 (9th Cir. 2003) [jurisdiction barred where federal plaintiff sought "declaration

25 that the state court judgments . . . were null and void"]. Thus, the first step is met.

26     Because the instant lawsuit constitutes a forbidden de facto appeal of a state

27 court judgment, this Court next must determine whether plaintiffs' claims are

28 "inextricably intertwined" with decisions entered in the state court. Federal court

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-4646-2015.1                                    13

1  claims are "inextricably intertwined" with a state court's decision when their

2  adjudication "would undercut the state ruling or require the district court to interpret

3  the application of state laws or procedural rules[.]" *Bianchi*, 334 F.3d at 898; see

4  also *Kougasian*, 359 F.3d at 1142 ["The inextricably intertwined test . . . allows

5  courts to dismiss claims closely related to claims that are themselves barred under

6  *Rooker-Feldman*."].

7        The allegations made in this case are very similar to the allegations made in

8  the underlying state court action. Even a cursory comparison of the two complaints

9  establish that they both arise from the same circumstances and contain similar facts

10  regarding the report and investigation of child abuse and the subsequent criminal

11  trial and conviction of Mr. Chavez for the abuse. (See FAC; ECF Dkt. No.14-2, Ex.

12  C.) Further, to determine whether the state court properly entered judgment against

13  plaintiffs, this Court would be required to interpret the application of state laws or

14  procedural rules. Specifically, this court would be required to interpret the anti-

15  SLAPP statute and state statute allowing for sanctions. (ECF Dkt. No.14-2, Ex. E.)

16  As such, plaintiffs' fifth cause of action is barred by the *Rooker-Feldman* doctrine

17  since it explicitly requests this Court to review actions taken by the state court.

18        Accordingly, the First Amended Complaint against Rady and Dr. Duthie, as

19  certified by plaintiffs' attorney Mr. Lara, was filed for an improper purpose; was not

20  warranted by existing law or for a nonfrivolous purpose; and the factual contentions

21  contained therein do not and will not have any evidentiary support as against Rady

22  or Dr. Duthie. This is clearly a direct violation of FRCP Rule 11, was done in bad

23  faith, and warrants the imposition of sanctions, if not also penalties to be paid to the

24  Court.

25  ## V.    __RADY IS ENTITLED TO ATTORNEY'S FEES AND COSTS__

26        Plaintiff was given every opportunity, over the course of three weeks to

27  remedy the Complaint by voluntarily dismissing Rady and Dr. Duthie after he had

28  been supplied with ample evidence and law proving his claims lack merit. Indeed,

DEFENDANT RADY CHILDREN'S HOSPITAL'S AND DR. SUSAN DUTHIE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEIR MOTION FOR SANCTIONS PURSUANT TO FRCP, RULE 11

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Rady and Dr. Duthie filed the motion to dismiss on August 15, 2017, arguing that

2  the action is barred by the *Heck* doctrine, (*Heck v. Humphrey*, 512 U.S. 477 (1994))

3  the *Rooker-Feldman* doctrine and collateral estoppel.   Yet, plaintiffs have not

4  dismissed the action. In fact, after receiving the motion to dismiss, plaintiffs'

5  counsel sent a letter to Rady's counsel stating that he intended to amend the

6  complaint, yet again, to include allegations of breach of fiduciary duties arising out

7  of Rady's handling of the Chavez action. (Lothyan Dec., ¶ 11, Exh. C.)

8        Counsel of record for Rady and Dr. Duthie spent a total of 1.2 hours meeting

9  and conferring with Plaintiff's counsel regarding the facts set forth herein; a total of

10  22.5 hours researching and drafting the Motion to Dismiss and related documents;

11  and a total of 16.7 hours research and drafting this Motion for Sanctions and related

12  documents. (Lothyan  Decl., ¶¶ 16-17.) Based on the reasonable hourly billing rate

13  of $175.00 per hour charged to Rady and Dr. Duthie, it has incurred $7.201.00 in

14  legal fees associated with this matter. Rady and Dr. Duthie anticipate in will incur

15  an additional $3,850.00 in replying to the motion to dismiss and motion for

16  sanctions.

17        Accordingly, Rady and Dr. Duthie request sanctions against Mr. Lara in the

18  amount of $11,051.00, pursuant to FRCP Rule 11(c)(4), including all of the

19  reasonable attorney's fees and expenses incurred by Rady and Dr. Duthie.

20  Alternatively, and in the spirit of FRCP Rule 11 aiming at deterrence, Rady and Dr.

21  Duthie respectfully request that the sanctions be paid as a penalty to the Court.

22  **VI.    <u>CONCLUSION</u>**

23        For the foregoing reasons, Rady and Dr. Duthie respectfully request that the

24  Court sanction Plaintiff's counsel for violations of FRCP Rule 11(b) due to his filing

25  of a frivolous and improper Complaint against Rady and Dr. Duthie.

26        Furthermore, Rady and Dr. Duthie request sanctions against   Plaintiffs'

27  counsel, Genaro Lara, in the amount of $XX.00, pursuant to FRCP Rule 11(c)(4),

28  including all of the reasonable attorney's fees and expenses incurred by Rady and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Dr. Duthie.

2  DATED: August 25, 2017        LEWIS BRISBOIS BISGAARD & SMITH LLP

3

4                                          By:    __/s/ Jonna D. Lothyan_____

5                                                 Marilyn R. Moriarty
                                                  Jonna D. Lothyan
6                                                 Attorneys for Defendant RADY
                                                  CHILDREN'S HOSPITAL and DR. SUSAN
7                                                 DUTHIE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**CALIFORNIA FEDERAL COURT PROOF OF SERVICE**

*Isabella C, v. Rady Children Hospital, et al.*

United States District Court of California,

Southern District  Case No. 17-cv-0846 AJB (JLB)

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 701 B Street, Suite 1900, San Diego, CA 92101.

On August 25, 2017, I served the following document(s):

**DEFENDANT RADY CHILDREN'S HOSPITAL AND DR. SUSAN DUTHIE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 11**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Genaro Lara, Esq.
Genaro Lara, Attorney At Law
550 West Vista Way, Suite 106
Vista, CA  92083
(760)809-4942

*Attorney for Plaintiffs*

The documents were served by the following means:

☒    (BY OVERNIGHT DELIVERY)  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 25, 2017, at San Diego, California.

_____
Jennifer Cannone

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## CALIFORNIA FEDERAL COURT PROOF OF SERVICE

*Isabella C, v. Rady Children Hospital, et al.*

United States District Court of California,

Southern District  Case No. 17-cv-0846 AJB (JLB)

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 701 B Street, Suite 1900, San Diego, CA 92101.

On September 19, 2017, I served the following document(s):

**DEFENDANTS RADY CHILDREN'S HOSPITAL'S AND DR. SUSAN DUTHIE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 11**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Genaro Lara, Esq.
Genaro Lara, Attorney At Law
550 West Vista Way, Suite 106
Vista, CA  92083
(760)809-4942

*Attorney for Plaintiffs*

Matthew R. Souther, Esq.
Neil, Dymott, Frank, McFall,
Trexler, McCabe & Hudson  APLC
1010 Second Avenue, Suite 2500
San Diego, CA 92101-4959
Phone: (619) 238-1712
Fax: (619) 238-1562

*Attorneys for Defendants Brian Williams, M.D., Nicholas Saenz, M.D., Kamala Vaidya, M.D. Yu-Tsen Cheng, M.D. and Premi Suresh. M.D.*

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 19, 2017, at San Diego, California.

Jennifer Cannone

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4844-8484-6912.1