UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| C., et al., | Case No.: 17-cv-0846-AJB-JLB |
|---|---|
| Plaintiffs, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | |
| Rady Children's Hospital, et al., | **(Doc. No. 46)** |
| Defendants. | |

After the Court granted two motions to dismiss, granted sanctions against Plaintiff, and dismissed Plaintiff's case, Plaintiff filed for reconsideration of these rulings. (Doc. No. 46.) Plaintiff argues that because a California Court of Appeals Court reversed his conviction, the initial allegations brought in his complaint regarding his RICO claims are vindicated. (*Id.* at 4.) Plaintiff also argues the Court's analysis of his claims under the *Heck v. Humphrey* bar "deserve reconsideration." (*Id.*) For the reasons stated herein, the Court **DENIES** Plaintiff's motion. (Doc. No. 46.)

### I. BACKGROUND

Plaintiffs' lawsuit stems from a criminal proceeding in San Diego Superior Court in which plaintiffs' father, Azael Chavez, was convicted for felony child abuse. (Doc. No. 14 at 6.) Plaintiffs are twin children. (*Id.*) During the course of their medical treatment at Rady Children's Hospital, treating physicians suspected child abuse and reported it—as mandated under law. (*Id.*) Chavez sued defendants twice in Superior Court, once for failing to produce medical records, and once for various causes of action including a breach of

1

fiduciary duties. (*Id.*) Plaintiffs voluntarily dismissed the first case after Rady moved for sanctions. (*Id.*) During the second case, defendants moved to strike all allegations under the anti-SLAPP statute because the treating physicians who reported the suspected child abuse were protected. (*Id.*) The Court tentatively ruled in favor of defendants, but plaintiffs again withdrew the case before the Court held a hearing. (*Id.*) The Superior Court ordered sanctions against plaintiffs' attorney and Chavez. (*Id.*) Plaintiffs then filed the instant suit in federal court.

In the first amended complaint ("FAC"), plaintiffs bring five causes of action: (1) RICO, (2) conspiracy to violate RICO, (3) conspiracy to interfere with civil rights, under 42 U.S.C. § 1985(2), (4) conspiracy to interfere with civil rights, under 42 U.S.C. § 1985(3), and (5) declaratory judgment. (Doc. No. 11.) The Court, in granting two motions to dismiss, dismissed Plaintiff's complaint entirely and granted sanctions.

In his reconsideration motion, Plaintiff alleges the Court of Appeal reversed his criminal conviction warranting reconsideration of his arguments. (Doc. No. 46.) The Court of Appeal reversed in June 2018. In several recently-filed declarations from Defendants, however, the Court was informed that in January 2019 Plaintiff pleaded guilty in Court to Penal Code § 273(A)(A). (Doc. No. 59-1 at 31.) Defendants also reasserted their arguments from their motions to dismiss. Notably, Plaintiff failed to respond to Defendants' arguments.

## II. LEGAL STANDARDS

A Court may grant relief from a final order if "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Federal Rule of Civil Procedure 60(b)(2).

## III. DISCUSSION

Finding that Plaintiff indeed pleaded guilty to similar crimes he was found guilty of in his now-overturned conviction, the Court finds any reconsideration as to these issues moot. Plaintiff argues that with his conviction overturned, the *Heck* bar no longer applies. He writes: "[w]ith the reversal of the criminal conviction by the court of appeals, that

2

obstacle should be no bar to plaintiff's RICO cause of action." (Doc. No. 46 at 6.) However, with his guilty plea now in place, the *Heck* bar still remains.

Plaintiff also argues the Court of Appeals' decision vindicated his underlying allegations. (Doc. No. 46 at 8.) He argues "[t]he appellate decision changes dramatically the legal analysis favorable to his cases. Plaintiff's legal position has always be[e]n that the police, doctors and prosecutors worked hand in hand to manufacture, and did achieve, an ignoble prosecution and illegal conviction. (*Id.*) While the Court of Appeals did overrule his conviction finding his confession was made during a custodial interrogation without being mirandized first, (Doc. No. 46-2 at 3), his later guilty plea still negates the crux of his underlying allegations. To allow Plaintiff to reconsider his RICO claim based solely on the Court of Appeals ruling would cast dispute on—and imply the invalidity of—his guilty plea.

Thus, the Court finds that Plaintiff's guilty plea still bars the Court from visiting his RICO claims as it could undermine his conviction. *See Oberg v. Asotin Cnty*, 310 F. App'x 144, 145–46 (9th Cir. 2009) (finding the district court properly dismissed plaintiff's RICO claims under *Heck*); *Katakis v. Chandler*, No. 2:15-02526 WBS KJN, 2016 WL 1056962, at *2 (E.D. Cal. Mar. 17, 2016); *Franco v. City and Cnty of San Francisco*, No. C 10–04768 WHA, 2012 WL 3010953, at *3 (N.D. Cal. July 23, 2012) ("The rationale of *Heck* applies to RICO and conspiracy claims."); *Bhatia v. Wig*, No. C-10-0072 SBA, 2010 U.S. Dist. LEXIS 95782 (N.D. Cal. Sep. 14, 2010); *Boulware v. Dep't of Ins.*, Civ. No. 09-4325-R(E) MLR, 2009 WL 3271060, at *5 (C.D. Cal. Oct. 8, 2009) ("*Heck* also applies to RICO claims."); *Garcia v. Scribner*, Civ. No. 97-0742 CRB, 1998 WL 397895, at *2 (N.D. Cal. July 10, 1998) (finding *Heck* "applies with equal force to civil RICO claims").

Finally, Plaintiff requests the Courts' prior award of sanctions under Federal Rule of Civil Procedure 11 be recalled. (Doc. No. 46 at 9.) Other than the arguments used in support of overturning the Court's order on the dismissal motions, Plaintiff provides little support to favor recalling the Court's sanctions award. Plaintiff points to misrepresentations allegedly made by the Court. (Doc. No. 46 at 6–7.) However, Plaintiff fails to negate the

3

reasons the Court found sanctions appropriate in the first instance, which included an analysis of both the Ninth Circuit's two-part test and the *Colorado-River* doctrine. (*See* Doc. No. 42 at 6–9.) Under the Court's analysis, the Court determined that Plaintiff's theory was frivolous because the complaint was "replete with bold and conclusory allegations lacking supporting evidence or facts." (*Id.* at 6.) Even if a few cases hold the *Heck* bar does not apply to civil RICO claims, (*id.* at 4 (listing cases)), that does not give Plaintiff a basis to file a complaint unsupported by facts rather than conclusions.

Thus, the Court will not reverse its prior ruling regarding sanctions.

## V. CONCLUSION

The Court finds Plaintiff's later guilty plea essentially moots Plaintiff's arguments for reconsideration. His guilty plea is still barred by *Heck* as the Court would have to cast doubt on Plaintiff's guilty plea to consider the arguments in his complaint. Moreover, the Court is not convinced a reversal of its sanctions ruling is necessary. Thus, the Court **DENIES** Plaintiff's motion for reconsideration. (Doc. No. 46.)

**IT IS SO ORDERED.**

Dated: July 30, 2019

Hon. Anthony J. Battaglia
United States District Judge